**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**
No. 98-11454
Summary Calendar

PEGGY S. HOLBROOK,

Plaintiff-Appellant,

VERSUS

LOCKHEED MARTIN TACTICAL AIRCRAFT SYSTEMS, a subsidiary of
Lockheed Martin Corp.; STEVE WIGGINS, in his various
capacities of employment for Lockheed Martin Tactical
Aircraft Systems,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Texas
(4:97-CV-432-Y)

_____

September 20, 1999

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM[*]:

Holbrook appeals the district court's grant of summary

judgment to her former employer, Lockheed Martin Tactical Aircraft

Systems, on her Title VII claim.  We find no error and affirm.

On appeal, Holbrook argues that genuine issues of material

fact exist concerning whether she was subject to a continuing

course of discrimination that would give rise to application of the

_____

[*]Pursuant to 5th CIR. R. 47.5, the Court has determined that this
opinion should not be pubished and is not precedent except under
the limited circumstances set forth in 5th CIR. R. 47.5.4.

continuing-violation theory and save her claim from the statute of limitations.  We agree with the district court that the defendants met their summary judgment burden by asserting all elements of a valid affirmative statute-of-limitations defense and that Holbrook failed to go beyond the pleadings and set forth specific facts showing a genuine issue for trial.

While the statute of limitations on Title VII claims is three hundred days, Holbrook failed to file her EEOC claim until August of 1996, more than four years after the last alleged assault and more than eighteen months after the Lockheed Corporation administratively terminated her employment.  Holbrook, however, claims that the continuing-violation exception to conventional statute of limitations rules should apply to her claim.  This equitable doctrine relieves plaintiffs of the burden of showing that an entire violation occurred within the limitations period if an unlawful employment practice manifests itself over time, see Abrams v. Baylor College of Medicine, 805 F.2d 528, 532 (5th Cir. 1986), and some action in the illegal course of conduct occurred within the limitations period, see Berry v. Board of Supervisors, 715 F.2d 971, 981 (5th Cir. 1983).  The district court properly held that Holbrook failed to satisfy either of these elements.

The district court was correct to conclude that the continuing-violation doctrine was inapplicable to this case because the complained of conduct, a series of workplace rapes, are "discrete instance[s] of discriminatory conduct" that should put an employee on notice to the existence of a cause of action.  Huckabay v. Moore, 142 F.3d 233, 239 (5th Cir. 1998).  Thus, Holbrook's

claims are antithetical the theory's requirement of an unlawful employment practice that manifests itself over a period of time. Furthermore, the district court appropriately held that Wiggin's seemingly innocuous phone calls, the actionable conduct Holbrook claims occurred within the limitations period, were not similar enough to the alleged rapes to be part of the same course of conduct required to constitute a continuing violation. <u>See</u> <u>Berry</u> at 981 (requiring that the "alleged acts involve the same type of discrimination.").

Finally, because none of the evidence excluded by the district court would, if admitted, be relevant to application of the continuing-violation theory, appellant's only substantive issue raised on appeal, any possible error in the exclusion of such evidence would be harmless.

AFFIRMED.